# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**OCONNOR & OCONNOR, LLC,**

        **Plaintiff,**

**v.**                                     **Case No:  6:13-cv-1389-Orl-31GJK**

**LIBERTY MUTUAL INSURANCE COMPANY,**

        **Defendant.**

_____

# ORDER

This matter comes before the Court on Defendant Liberty Mutual Life Insurance Company's ("Liberty") Motion to Dismiss or, In the Alternative, Motion for More Definite Statement ("Motion") (Doc. 5) and Plaintiff O'Connor & O'Connor, LLC's ("O'Connor") response (Doc. 9).

## I.    Background

O'Connor filed this case in state court, alleging a breach of an insurance contract and promissory estoppel for damages suffered due to a failure of machinery and equipment, specifically, a computer server. Liberty removed the case to this Court on September 9, 2013. On the same day, Liberty filed the Motion. Liberty takes issue with the Complaint for various reasons.

## II.    Standards

### A.  Motion to Dismiss

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto.

Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).   The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).   However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)).   This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001).   However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007).   The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950-1951 (2009).

## B.  Motion for More Definite Statement

Rule 12(e) of the Federal Rules of Civil Procedure provides that a party may request a more definite statement of a pleading "which is so vague or ambiguous that the party cannot reasonably prepare a response." However, motions for a more definite statement are disfavored under the law, and are not to be used as a substitute for discovery. *Eye Care Int'l, Inc. v. Underhill*, 92 F.Supp. 2d 1310, 1316 (M.D.Fla.2000).

### III.    Analysis

O'Connor lists two bases for relief in its Complaint: Count I, Breach of Contract and Count II, "Promissory Estoppel and Waiver." (Doc. 2 at 2-4). Because the Complaint put Liberty on notice of the claims asserted against it and the facts those claims are based on, the Motion is due to be denied.

The Complaint asserts that Liberty issued an insurance policy to O'Connor that covers the alleged failure of computer equipment (*Id.*, ¶¶ 8-9), Liberty failed to fulfill its obligations under the policy (*Id.*, ¶ 17), and Liberty's failure caused O'Connor various damages (*Id.*, ¶ 19). O'Connor has asserted the existence of a valid contract, a material breach, and damages resulting from the breach, thus Count I states a claim. *See Philadelphia Am. Life Ins. Co. v. Buckles*, 607-CV1743-ORL-22DAB, 2008 WL 2756503 (M.D. Fla. July 14, 2008) (stating the elements of a breach of contract claim under Florida law in case relating to insurance coverage).

The Complaint further asserts that Liberty made representations regarding insurance coverage for Plaintiff's property (*Id.*, ¶¶ 23-24); Liberty should have expected O'Connor to reasonably rely on those representations, which O'Connor did (*Id.*, ¶¶ 25-26); and that O'Connor has expended money for repairs and has lost business income due to its reliance on Liberty's representation (*Id.*, ¶ 19). Accordingly, Plaintiff has stated a claim for promissory estoppel in Count II. *Great Am. Assur. Co. v. Sanchuk, LLC*, 8:10-CV-2568-T-33AEP, 2012 WL 195526, at *6 (M.D. Fla. Jan. 23, 2012) (*quoting Crown Life Ins. Co. v. McBride,* 517 So.2d 660, 662 (Fla.1987)) (Florida law recognizes promissory estoppel as a cause of action that can create insurance coverage where denial of coverage would sanction fraud or injustice and injustice is shown where a promisor makes representations that it should expect a promisee to rely upon, the promisee relies on the representation, and the reliance was to the promisee's detriment).

One of Liberty's principle arguments raises issue with O'Connor's incorporation by reference of paragraphs 1-21 in the Complaint into Count II. (*See, e.g.*, Doc. 5 at 4-5). This element of Count II may technically meet the description of a shotgun pleading. *See, e.g., Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). However the Complaint makes clear the facts and the nature of the two claims alleged against Liberty, therefore O'Connor has met its pleading burden. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (a complaint is sufficiently pled "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). The Complaint contains two counts, the allegations do not ramble, nor are they incomprehensible, thus the Complaint will not be dismissed as a shotgun pleading. *See Innocent v. Wachovia Mortgage Corp.*, 1:10-CV-03799-RWS, 2012 WL 602129, at *1-2 (N.D. Ga. Feb. 22, 2012) (distinguishing *Strategic Income Fund, L.L.C.*, 305 F.3d 1293).

IV.     **The Scrivener's Error**

The Complaint was filed in July, 2013, but paragraph ten of the Complaint contained an obvious scrivener's error asserting that breach of the contract occurred on September 15, 2013. Knowing full-well that this was simply a typographical mistake,[1] Defendant nonetheless makes the patently frivolous argument that the Complaint fails to state a claim because the breach is set to occur in the future. This type of sharp litigation practice is unprofessional and appears to violate 28 U.S.C. § 1927.

Accordingly, it is **ORDERED** that

---

[1] Liberty was aware of this claim more than a year before the Complaint was filed and thus knew the actual date of loss.

(1) The Motion to Dismiss and for More Definite Statement (Doc. 5) is **DENIED**; and

(2) Defendant's counsel shall show cause in writing by October 11, 2013 why they should

not be sanctioned for vexatious conduct pursuant to 28 U.S.C. § 1927.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 2, 2013.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party